UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    MERLE K. CHAMBERS,                    Case No. 10-36716-dof
                                                        Chapter 7 Proceeding
           Debtor.                                Hon. Daniel S. Opperman
_____/

SAMUEL D. SWEET,

       Plaintiff,

v.                                                      Adversary Proceeding
                                                       Case No. 11-3071-dof

SANDRA CHAMBERS,
M.K. CHAMBERS COMPANY,
CHAMBERS ENTERPRISES I, LLC,
and CHAMBERS ENTERPRISES II, LLC,

       Defendants.
_____/

OPINION REGARDING MOTION TO DISMISS OF M.K. CHAMBERS COMPANY,
CHAMBERS ENTERPRISES I, LLC, AND CHAMBERS ENTERPRISES II, LLC

Background

Plaintiff, Samuel D. Sweet, filed the instant Complaint in this action seeking to avoid certain transfers as fraudulent transfers pursuant to 11 U.S.C. § 548 and to recover the value of these transfers. In his Complaint, Plaintiff alleged that Defendant, M.K. Chambers Company, signed and delivered to the Debtor, Merle Chambers, three promissory notes in the amount of $227,000, $50,000, and $352,000, respectively and that Defendant, Chambers Enterprises I, LLC, signed and delivered a promissory note in the amount of $182,000. Plaintiff also alleges that Defendants, M.K. Chambers Company, Chambers Enterprises I, LLC, and Chambers Enterprises II, LLC, signed these promissory notes and delivered each to the Debtor. In turn, Plaintiff alleges that the Debtor assigned

1

all of the promissory notes to Defendant, Sandra Chambers, for no consideration. Plaintiff also alleges that Defendants, M.K. Chambers Company, Chambers Enterprises I, LLC, and Chambers Enterprises II, LLC, purportedly consented to the assignments and appear to have assisted Mr. Chambers in assigning the promissory notes for the purpose of the Debtor avoiding his creditors.

The Plaintiff seeks to avoid these transfers and in particular, in Count IV of the Complaint, seeks an accounting for monies paid since the Chapter 7 petition of Mr. Chambers was filed, as well as the turnover of all records regarding the payments to Mr. Chambers or others.

In response, Defendants, M.K. Chambers Company, Chambers Enterprises I, LLC, and Chambers Enterprises II, LLC, state that the Complaint is frivolous and subject to sanctions under Fed. R. Civ. P. 11.

<u>Applicable Law</u>

Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings in bankruptcy through Fed. R. Bankr. P. 7012(b) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. The court is required to construe the complaint in the light most favorable to the plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lewis v. ACB Business Services*, 135 F.ed 389, 405 (6th Cir. 1998). A court will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if

2

it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1965 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 563. *See also Association of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

In *Twombly*, the United States Supreme Court revisited the standards that govern Civil Rule 12(b)(6) dismissal motions. In doing so, the Supreme Court in *Twombly* reaffirmed the "notice pleading" standard of Rule 8(a)(2) but renounced "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 560-61 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). As explained by the Court in *Twombly*,

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]". . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]

*Twombly*, 550 U.S. at 553-55 (citations omitted). The *Twombly* court went on to

> hold that stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest [grounds for relief]. Asking for plausible grounds to infer [a right to relief] does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [of an entitlement to relief]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."

3

*Twombly*, 550 U.S. at 553-55 (citations omitted). *See also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197 (2007) (explaining that Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary[.]")).

The Supreme Court later examined *Twombly* in the case of *Ashcroft v. Iqbal*, 556 U.S.662, 129 S. Ct. 1937 (2009). In *Iqbal*, the Supreme Court held that *Twombly* applies to all civil actions and is not limited to antitrust disputes only as was the case in *Twombly*. *Iqbal*, 556 U.S. at 684. The *Iqbal* Court further defined two "working principles underl[ying its] decision in *Twombly*:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]" – "that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 663-64 (citations omitted).

Analysis

A close review of the Complaint in this case sets forth sufficient allegations against Defendants, M.K. Chambers Company, Chambers Enterprises I, LLC, and Chambers Enterprises II, LLC. First, the Plaintiff claims that these Defendants have cooperated with the Debtor in attempting to avoid payment to creditors. Second, the Plaintiff seeks an accounting of the payments made by each Defendant to the Debtor or other parties, as well as potential turnover of books and records of the Debtor. Both of these remedies are found in 11 U.S.C. §§ 548 and 550.

Defendants argue that the relief sought by the Trustee is really a discovery remedy and that

4

they should be dismissed from this case with the understanding that Plaintiff may be entitled to the relief requested as part of the discovery process. The Court recognizes Defendants' argument, but notes that the Plaintiff in this action seeks more than just discovery information. As alleged in the Complaint, Plaintiff has reason to believe that these Defendants are cooperating with the Debtor to avoid payment to creditors. Until discovery is completed, this Court is unable to assess whether Plaintiff's allegations are correct. In addition, to the extent that any of these Defendants hold property of the Debtor, in the form of records, money, or other personal property, the Plaintiff is entitled to possession of these property interests, as Trustee of the Debtor's estate.

Accordingly, the Motion to Dismiss of Defendants, M.K. Chambers Company, Chambers Enterprises I, LLC, and Chambers Enterprises II, LLC, is Denied. Given the current procedural posture of this adversary proceeding, the Court lacks sufficient information to rule on the Motion to Certify Sanctions as requested by these Defendants. The Court Denies the Request to Certify Sanctions at this time, but reserves the right to have this issue raised again.

The Court has issued an Order consistent with this Opinion.

**Signed on August 16, 2012**

                                           **/s/ Daniel S. Opperman**
                                     **Daniel S. Opperman**
                                     **United States Bankruptcy Judge**