UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    MERLE K. CHAMBERS,                           Case No. 10-36716-dof
                                            Chapter 7 Proceeding
          Debtor.                              Hon. Daniel S. Opperman
_____/
SAMUEL D. SWEET,

         Plaintiff,

v.                                        Adversary Proceeding
                                        Case No. 11-3071-dof

SANDRA CHAMBERS,
M.K. CHAMBERS COMPANY,
CHAMBERS ENTERPRISES I, LLC,
and CHAMBERS ENTERPRISES II, LLC,

         Defendants.
_____/

OPINION DENYING MOTION TO DISMISS OF SANDRA CHAMBERS

On April 6, 2012, Defendant, Sandra Chambers, filed a Motion to Dismiss pursuant to Fed.

R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(1) based upon *Stern v. Marshall*, 131 S. Ct. 2594

(2011). Plaintiff filed a timely response to this Motion to Dismiss and the Court conducted a hearing

on May 30, 2012. For the reasons stated in this Opinion, this Court denies the Motion to Dismiss

of Defendant, Sandra Chambers.

Facts

Plaintiff, Samuel D. Sweet, filed a Complaint seeking to avoid a fraudulent transfer pursuant

to 11 U.S.C. § 548 and to recover the value of that avoided transfer pursuant to 11 U.S.C. § 550.

In response, Defendant, Sandra Chambers, filed an Answer to the Trustee's Complaint and a Jury

1

Demand. Defendant, Sandra Chambers, also filed a Motion for Withdrawal of Reference. On March 20, 2012, United States District Judge Hood denied the Motion of Sandra Chambers to Withdraw the Reference Without Prejudice. The Order of the District Court stated:

> For the reasons set forth above,
>
> IT IS ORDERED that the Motion to Withdraw Reference [**Doc. No. 1**] is DENIED without prejudice pending pre-trial proceedings before the Bankruptcy Court. The Bankruptcy Court shall complete all pretrial matters in preparation for a jury trial before the District Court. The parties and the Bankruptcy Court will then so notify the Court. The matter will be withdrawn at that time and the action reopened. Final Pretrial Conference and Jury Trial dates will then be set by the Court.

Per the Order of the District Court, this Court conducted a status conference, at which time the parties advised this Court that the instant Motion should be heard. The Court heard oral argument regarding Defendant's Motion to Dismiss on May 30, 2012, and took this matter under advisement.

Analysis

Defendant, Sandra Chambers, argues that she is entitled to a jury trial of the claims against her and that this trial should be conducted by an Article III Judge. Defendant is correct. As ordered by the United States District Court, the Trial in this matter will be conducted by United States District Judge Hood, an Article III Judge. Defendant, therefore, will receive the exact treatment that she requests.

To the extent that Defendant disagrees with the decision of the United States District Court to deny the Motion for Withdrawal of Reference until after the case is ready for Trial, that is an issue

that should be addressed by either the United States District Court as part of a motion for reconsideration or as a claim of appeal to the United States Court of Appeals for the Sixth Circuit. This Court lacks the jurisdiction to hear and determine appeals of orders of the United States District Court and declines Defendant's invitation to do so in this case.

As this proceeding currently stands, this Court has been directed to oversee all pre-trial matters in preparation for a jury trial and then, in conjunction with the parties, to notify the United States District Court as to when this case is ready to proceed. Seeing no reason to deviate from the clear direction of the United States District Court, this Court denies the Motion to Dismiss of Defendant, Sandra Chambers.

Defendant, Sandra Chambers, also requested this Court certify that the Complaint is frivolous and subject to sanctions under Fed. R. Civ. P. 11. Given the procedural posture of this case, this Court is currently unable to assess whether Defendant's request for sanctions is appropriate. Accordingly, the Court denies Defendant's request to certify the issue of sanctions at this time, but reserves the issue of sanctions for a later date, if appropriate.

The Court has issued an Order consistent with this Opinion.

**Signed on August 16, 2012**

          **/s/ Daniel S. Opperman**
          **Daniel S. Opperman**
          **United States Bankruptcy Judge**